IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Judge Carol A. Doyle |
| VERIDIANHEALTH, LLC, et al.,[1] | ) | Case No. 05 B 31483 |
| | ) | |
| Debtors. | ) | |

**APPLICATION OF CHAPTER 7 TRUSTEE'S ATTORNEYS FOR THE ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Much Shelist Denenberg Ament & Rubenstein, P.C. ("Much Shelist"), through Norman B. Newman, one of its attorneys and the Trustee herein (the "Trustee"), moves this Court for the allowance of final compensation and reimbursement of expenses under §§330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, for services rendered during the period June 5, 2008 through October 14, 2011. In support of its motion, the Much Shelist states as follows:

1. On August 10, 2005, Involuntary Petitions under Chapter 11 of the United States Bankruptcy Code were filed against VeridianHealth, LLC and certain of its affiliated entities ("collectively, the "Debtors").

2. On August 25, 2005, this Court entered Orders for Relief against the Debtors under Chapter 11 and authorized the appointment of a Chapter 11 Trustee. The Trustee was appointed to serve as Chapter 11 Trustee.

3. On August 21, 2007, the Debtors' Chapter 11 cases were converted to Chapter 7 cases. The Trustee was subsequently appointed and qualified as Chapter 7 Trustee.

4. Much Shelist was previously employed to serve as the attorney for the Chapter 11 Trustee. On September 26, 2007, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorney in there Chapter 7 cases.

---

[1] The Debtors are the following entities: VeridianHealth, LLC, MISU Midwest, LLC, Universal Enterprises Midwest, LLC, and Factor, LLC.

5. On July 17, 2008, this Court entered an Order awarding Much Shelist interim compensation in the amount of $51,679.00 plus reimbursement of out-of-pocket expenses in the amount of $663.00 for services rendered as attorneys for the Trustee during the period August 21, 2007 through May 30, 2008.

6. Other than as permitted under §504 of the Bankruptcy Code, Much Shelist has no agreement with any other person or firm whatsoever with regard to its compensation in this case.

7. Much Shelist is entitled to final compensation in the amount of $42,785.00 plus reimbursement of out-of-pocket expenses in the amount of $1,070.11 for services rendered during the period June 5, 2008 through October 14, 2011.

8. During the time period covered by this application, Much Shelist provided 80.90 hours of services on behalf of the Trustee. This application includes time for legal services rendered by the Trustee. The Trustee has taken care to distinguished his legal services from his Trustee services. A statement of the Trustee's Trustee services is attached hereto as Exhibit "A". The following is a summary of time expended, by individual, during the time period covered by this application.

| Attorney | Time Spent | Rate | Total |
| --- | --- | --- | --- |
| Norman B. Newman | 63.20 hrs. | $561.22/hr.* | $35,469.00 |
| Colleen E. McManus | 17.30 hrs. | $415.66/hr.* | 7,191.00 |
| Jeffrey L. Gansberg | .20 hrs. | $390.00/hr. | 78.00 |
| **Paralegal** | | | |
| Kendalle Jacobsen | .20 hrs. | $235.00/hr. | 47.00 |
| | | | |
| **TOTAL:** | **80.90 hrs.** | | **$42,785.00** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

9. Attached hereto and made a part hereof as Exhibit "B" is a Statement of Services rendered during the period June 5, 2008 through October 14, 2011. The services rendered are listed chronologically and are separated by activity. Certain time entries could have been listed

2

under a different activity, but there is no duplication of time entries. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by Section 704 of the Bankruptcy Code. This application complies with the standards enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

10. At all times relevant, Much Shelist has taken care to avoid duplication of services. There were instances when more than one Much Shelist attorney was involved in the handling of a particular matter. Joint participation was necessary based on the nature of the particular matter, the continuity of the representation or the expertise of the attorneys involved.

11. At all times relevant hereto, Much Shelist has provided legal services in the most efficient and cost effective manner. Much Shelist's ultimate goal has been to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

12. Much Shelist attorneys and paralegals provided services with respect to the following matters during the time period covered by this application:

A. **General Administration (Tab No. 1)**: Much Shelist spent a total of 35.20 hours on General Administrative services to the Trustee. Counsel was involved in telephonic communications with representatives of Chapter 11 administrative claimants and pre-petition creditors regarding the status of their claims and general case status. Georgia Pacific Consumer Products, LP filed a motion for allowance and payment of a Chapter 11 administrative claim which the Trustee objected to. Much Shelist was involved in telephonic and written communications with the claimant's counsel with respect to the settlement of the claim; prepared pleadings and other documents relative to the contested hearing which was scheduled on the

3

Trustee's objection to the claim; and prepared appropriate documents and appeared in Court with respect to the ultimate settlement of the claim.

As this Court will recall, the Trustee was authorized to employ Brown & Joseph as the Trustee's collection agent to pursue medical testing receivables and possible preference recoveries. The Trustee also employed Diane Nauer as special counsel to assist the Trustee in collecting receivables associated with pending workers' compensation and personal injury claims. Much Shelist was involved in telephonic and written communications with the Trustee's collection agent and special counsel with respect the status of collection efforts as well as settlement proposals.

Time was also expended communicating with attorneys and representatives of insurance carriers as well as counsel for the Illinois Attorney General's Office with respect to concerns as to the types of medical testing receivables which were the subject of collection efforts.

Once it was determined that no further recoveries would be obtained on the medical testing receivable and those receivables associated with pending workers' compensation and personal injury matters, Much Shelist prepared appropriate pleadings and appeared in Court on the Trustee's motions to abandon all remaining accounts receivables.

Significant time was also expended in connection with the Trustee's motion for authorization to abandon and destroy the Debtors' book and records. The books and records were comprised of approximately 300 boxes and 100 file cabinets of personnel files, marketing information, corporate transaction documents, invoices, employee expense reports and patient records. The Trustee had used estate funds to pay for storage of the books and records at a facility in Deerfield, Illinois. The problematic aspect of the abandonment of the Debtor's books and records was that the books and records included patients records as well as the results of

4

diagnostic tests. Because the patients records contained data that was more than five (5) years old and the Debtor had terminated its business back in 2005, the Trustee took the position that the Debtor was not a healthcare business. The Court granted the Trustee's motion to abandon and destroy the Debtor's books and records without the Trustee having to go through a special abandonment process due to the fact that patient records were involved. In connection with the abandonment and destruction of books and records, counsel was also involved in telephonic and written communications and meetings with the Trustee's accountants as well as representatives of a company which specialized in the removal and destruction of books and records containing personal health information.

The individuals who provided services in connection with General Administrative matters and the time expended by them are as follows:

| Attorney | Time Spent | Rate | Total |
| --- | --- | --- | --- |
| Norman B. Newman | 24.30 hrs. | $560.88/hr.* | $13,629.50 |
| Colleen E. McManus | 10.70 hrs. | $417.85/hr.* | 4,471.00 |
| Jeffrey L. Gansberg | .20 hrs. | $390.00/hr. | 78.00 |
|  |  |  |  |
| **TOTAL:** | **35.20 hrs.** |  | **$18,178.50** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

  **B.** **Disposition of Assets (Tab No. 2)**: Much Shelist expended 21.30 hours in connection with the resolution of the Declaratory Judgment action initiated by the insurance carrier which issued the Debtor's Directors and Officers insurance policy. The Trustee was ultimately able to recover the sum of $29,000.00 in connection with the resolution of the insurance coverage matter. The balance of the time in this matter was expended in connection with the resolution of possible preference actions. Much Shelist was involved in telephonic and written communications with the Trustee's collection agent, prospective preference recipients and their attorneys with respect to the resolution of preference demands. Time was also

expended on legal research, negotiating and drafting settlement agreements, and preparing pleadings and appearing in Court in connection with the settlement of possible preference actions. The Trustee received approximately $130,000.00 in recoveries.

The individuals who provided services in connection with the Trustee's Disposition of Assets and the time expended by them are as follows:

| Attorney | Time Spent | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 16.50 hrs. | $540.00/hr. | $8,910.00 |
| Colleen E. McManus | 4.60 hrs. | $400.00/hr. | 1,840.00 |
| **Paralegal** | | | |
| Kendalle Jacobsen | .20 hrs. | $235.00/hr. | 47.00 |
| | | | |
| **TOTAL:** | **21.30 hrs.** | | **$10,797.00** |

**C.    Tax Issues (Tab No. 3)**:    Norman B. Newman, in his capacity as attorney, expended 9.30 hours dealing with the Trustee's accountants with respect to Debtors' tax returns. All of the Debtors were limited liability companies. However, certain Debtors were members of non-Debtor Limited Liability Companies which entities had the responsibility for preparing and filing tax returns. Based on review of documents, telephonic and written communications, the Trustee's accountants determined that tax returns were needed for only one of the Debtors, Universal Enterprises Midwest, LLC. Counsel was also involved in corresponding with the Internal Revenue Service with respect to tax return waivers as well as requesting waivers of penalties which were assessed due to alleged late filing of certain tax returns. Counsel also engaged in telephonic and written communications with counsel for the Debtor's former principal with respect to furnishing K-1 tax forms.

The Debtors' estates had no tax liability and assessed penalties were waived. The time expended by Mr. Newman in connection with this matter is as follows:

6

| Attorney | Time Spent | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 9.30 hrs. | $583.23/hr.* | $5,424.00 |
| | | | |
| **TOTAL:** | **9.30 hrs.** | | **$5,424.00** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

**D.    Fee Related Matters (Tab No. 4):** Much Shelist provided 15.10 hours in connection with a Court hearing on Much Shelist's interim Chapter 7 fee petition as well as in connection with the review of fee statements, preparation of an application and appearance in Court on the Trustee's accountants' final fee petition. Time was also expended in connection with the preparation of this fee petition.

The individuals who provided services in connection with this matters and the time expended by them are as follows:

| Attorney | Time Spent | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 13.10 hrs. | $572.94/hr.* | $7,505.50 |
| Colleen E. McManus | 2.00 hrs. | $440.00/hr. | 880.00 |
| | | | |
| **TOTAL:** | **15.10 hrs.** | | **$8,385.50** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

13.    Much Shelist incurred out-of-pocket expenses in the amount of $1,070.11 during the time period covered by this application. Attached hereto as Exhibit "C" is an itemization of Much Shelist's out-of-pocket expenses. The charge for photocopies is 10¢ per page. Much Shelist asserts that these out-of-pocket expenses were necessary expenses incurred in its representation of the Trustee.

14. The services rendered by Much Shelist as the Trustee's attorney have resulted in a substantial benefit to the Trustee and to the creditors of this estate, primarily the Debtors' secured creditor, JPMorgan Chase Bank. The Trustee collected approximately $1.2 million in accounts receivable proceeds, preference recoveries, an insurance settlement and from the sale of used equipment. JPMorgan Chase Bank holds a lien on all of the Debtor's assets and unfortunately, other than JPMorgan Chase Bank, there are no funds available to satisfy the claims of other creditors. Trustee is holding approximately $39,000.00 on hand in this estate. All funds which the Trustee is holding will be used to cover the Trustee's Chapter 7 administrative expenses.

**WHEREFORE**, Much Shelist respectfully prays that this Court enter an Order as follows:

1. Awarding Much Shelist final compensation in the amount of $42,785.00 plus reimbursement of out-of-pocket expenses in the amount $1,070.11 for services rendered during the period June 5, 2008 through October 14, 2011;

2. Authorizing the Trustee to pay the awarded compensation and expense reimbursement forthwith as a Chapter 7 administrative expense of this estate;

3. Granting such other and further relief as this Court deems appropriate.

           MUCH SHELIST DENENBERG AMENT &
           RUBENSTEIN, P.C.

    By:  /s/ Norman B. Newman
           One of Its Attorneys

**Norman B. Newman (Atty. ID 02045427)**
**Much Shelist Denenberg Ament & Rubenstein, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 521-2000